# Birmingham Railway, Light & Power Company *v.* Cunningham, Admr.

*Proceedings for scire facias to revive Judgment.*

1. *Revival of judgment after death of plaintiff; when scire facias proper remedy.*—Where after a judgment in favor of the plaintiff, an appeal is taken to the Supreme Court by the defendant from such judgment and after the submission of the cause in the Supreme Court, the plaintiff in said suit dies, a judgment of the Supreme Court rendered thereafter confirming said judgment, has effect as of the date of the submission of the cause; and therefore, after the certification of said judgment of affirmance to the City Court, a proper proceeding in said court by the administrator of the estate of the deceased plaintiff, is to file a petition of *scire facias* to revive said judgment in the name of said administrator against the defendants in the judgment rendered by the Supreme Court.

2. *Same; same; effect of consolidation.*—Where in such a case pending the appeal in the Supreme Court, the defendant in said suit, who was a corporation, enters into a consolidation with another corporation, and the consolidated company takes the name of the other corporation, the consolidated corpora-

[Birmingham Railway, Light & Power Co. v. Cunningham, Admr.]

tion in and by the new name is the proper party respondent to the petition for *scire facias*, and a judgment awarding said writ is properly rendered against the consolidated company.

APPEAL from the City Court of Birmingham.

Heard before the Hon. CHARLES A. SENN.

The proceedings in this case was had upon a petition filed by the appellee, W. C. Cunningham, as administrator of the estate of A. B. Jackson, deceased, and addressed to the judges of the City Court of Birmingham, praying for the issuance of the writ of *scire facias* to revive a judgment in the petitioner's name as administrator of A. B. Jackson, deceased, against the Birmingham Railway & Electric Company. The Birmingham Railway & Electric Company and Robert Jemison and J. B. McClary were made respondents to the petition.

The petition was filed upon the following facts, which were averred therein and shown on the hearing: A. B. Jackson, the petitioner's intestate, recovered a judgment for $2,000.00, together with the costs, against the Birmingham Railway & Electric Company on the 8th day of May, 1900. From this judgment the Birmingham Railway & Electric Company took an appeal to the Supreme court, and Robert Jemison and J. B. McClary were sureties on the appeal bond. The cause was submitted to the Supreme Court on appeal during the lifetime of said A. B. Jackson.

Said Jackson died in December, 1900, a few weeks after said submission. In June, 1902, the Supreme Court rendered a judgment in this cause, affirming the judgment of the trial court. In this judgment of the Supreme Court it was recited that the Birmingham Railway & Electric Co. and Robt. Jemison and J. B. McClary, sureties on the appeal bond, should pay the judgment rendered in the City Court and 10 per centum the damages thereon, and the costs of appeal. This judgment of confirmance was duly certified to the City Court. Thereupon, the said A. B. Jackson having died, and the petitioner, W. C. Cunningham having been appointed administrator of the estate, filed the present petition, asking for a writ of

*scire facias,* and prayed that the judgment be revived in the name of said W. C. Cunningham as administrator of the estate of A. B. Jackson, deceased, and that execution issue against the said Birmingham Railway & Electric Co. and Robt. Jemison and J. B. McClary, upon said judgment. The petition was subsequently amended by averring that after the cause was appealed to the Supreme Court and before a judgment was rendered by said court, the Birmingham Railway & Electric Co. consolidated with the Birmingham Railway, Light & Power Co., a corporation, and that said consolidation was under the laws of the State of Alabama, and that such consolidated company took the name of the Birmingham Railway, Light & Power Co. The service of the summons, as shown by the return of the sheriff, was upon the Birmingham Railway, Light & Power Co. and Robt. Jemison and J. B. McClary. It was shown by the evidence that in November, 1900, the consolidation, as averred in the amendment to the petition, took place, and that the consolidated company took the name of the Birmingham Railway, Light & Power Co.

Each of the respondents demurred to the original and and amended petition upon the grounds that it was shown by said petition that the plaintiff in said suit had died prior to the rendition of the judgment by the Supreme Court, and that therefore the said judgment rendered by the city court of Birmingham was abated by the death of the plaintiff in said suit, and that the facts averred in the petition did not show that the petitioner as administrator, was entitled to the relief prayed for. These demurrers were overruled.

Upon the hearing of the cause, the court granted the relief prayed for in the petition, and ordered that said judgment as affirmed by the Supreme Court be "revived in the name of W. C. Cunningham, as administrator of the estate of A. B. Jackson, deceased, against the said Birmingham Railway, Light & Power Co., a corporation, and Robt. Jemison and J. B. McClary, sureties on the said appeal bond, and that said W. C. Cunningham as such administrator, have and recover of the said Birmingham Railway, Light & Power Co. a corporation,

and Robert Jemison and J. B. McClary, sureties on the said appeal bond, the amount of said judgment, as rendered by said Supreme Court of Alabama, as aforesaid, and for which execution is hereby awarded in manner and form as directed by said Supreme Court.

From this judgment the respondents appeal and assign the rendition thereof as error.

WALKER, TILLMAN, CAMPBELL & MORROW, for appellant. The Railway & Electric Company was one corporation and the Railway, Light and Power Company was another. They consolidated under the statute authorizing street car companies so to do. The consolidated company thereby became a distinct and separate corporation from either of its constituent corporations. *Meyer v. Johnston*, 64 Ala., 603; 1 Thomp. on Corp. Section 375; 1 Thomp on Corp. Section 365.

We insist that the court should not have revived the judgment or ordered execution against appellants, Jemison and McClary. It may be that the judgment of the Supreme Court on affirmance had referred the judgment to the date of submission it would have been good, but this was not done, and unless the Supreme Court can grant a judgment *in praesenti* against or in favor of a dead man we insist the judgment against the sureties is void. *Kohn v. Haas*, 95 Ala. 479; *Baker v. Barclift*, 76 Ala. 417; *Moore v. Easly*, 18 Ala., 619.

BOWMAN, HARSH & BEDDOW, *contra.*—The defendant corporation existed for all purposes of the suit in which judgment had been recovered against it after the consolidation. After consolidating, the old company exists under a new name, and with enlarged powers; therefore the writ was properly directed against the consolidated company. Hirschl on Combinations, etc. of Corporations, p. 184; *Farnum v. Blackstone Canal Co.*, 1 Sumner 46; *U. S. v. So. Pac. R. R. Co. & U. S. v. Colton Marble & Lime Co.*, 45 Fed. Rep. 596; *Jno. Hancock M. L. I. Co. v. Worcester N. & R. R. Co.*, 149 Mass. 214; *Day v. Worcester R. R. Co.*, 151 Mass. 302; *Columbus C. & I. C. Ry. Co. v. Skadmore*, 69 Ill. 566; *Meyer v. Johnson & Stewart*, 64 Ala. 603; *Lightner v. Boston & Albany Ry. Co.*, 1 Lowell 338.

McCLELLAN, C. J.—The judgment rendered in this court on June 28th, 1902, affirming the judgment of the city court in the case of *Birmingham Railway & Electric Co. v. A. B. Jackson,* 34 South. 994, had effect as of date of the submission of the cause here which occurred during the lifetime of the appellee, said Jackson, though in fact rendered after his death; and upon the certification of said judgment of affirmance to the city court, it stood in that court as a judgment rendered in his lifetime, but of which execution had not been had before his death. Therefore, the appropriate proceeding in the city court was that resorted to and adopted as shown by the record before us, viz., by *scire facias* to revive said judgment in the name of the personal representative of the deceased plaintiff in judgment, against the defendants in judgment.

It appears that after the appeal to this court and prior to the institution of the proceeding of revivor in the city court, the defendant corporation was consolidated with another corporation,—the Birmingham Railway, Light & Power Company, the consolidated company taking the name of the Birmingham Railway, Light & Power Company. In our opinion, for all the purposes of this proceeding the only effect of this consolidation was to change the name of the defendant in judgment from Birmingham Railway & Electric Company, to Birmingham Railway, Light & Power Company, without change of entity or identity, so that the consolidated corporation in and by the new name is the proper party respondent to the petition for *scire facias,* along with the sureties on the appeal bond against whom also judgment was rendered in this court.—Code 1896, §§ 1202, 1204; Hirschl, Combination, etc., Corporations, 184.

Affirmed.

HARALSON, DOWDELL and DENSON, J. J., concurring.